(No. 36018.—▮▮▮▮▮▮▮▮)
BERNON McCLALLEN, Appellant, *vs.* THE VILLAGE OF MORTON *et al.*, Appellees.

*Opinion filed Feb. 15, 1961.—Rehearing denied March 27, 1961.*

CASSIDY & CASSIDY, and HARRY C. HEYL, both of Peoria, for appellant.

HAROLD H. KUHFUSS, and DUNKELBERG & RUST, both of Pekin, and RAMON MASON, of Morton, for certain appellees, and FRANK M. WANLESS, of Morton, (CONRAD NOLL, JR., of counsel,) for appellee executor.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The named executor under a subsequently discovered will of Albert N. McClallen, deceased, appeals from an order of the county court of Tazewell County denying his petition to probate it. Since a freehold is involved the appeal is direct to this court.

The testator died in 1955. Shortly thereafter a will dated June 17, 1954—together with codicils dated September 18, 1954, and January 31, 1955—was admitted to probate. In 1959 the petitioner, a farmer, found a second will (the one in question here) as he went to get his mail from the mailbox at the side of the road. It had been placed in the box by some person or persons presumably unknown, and consists of a single sheet of paper containing what appears to

be a handwritten will. Bearing the date of October 2, 1954, it purports to leave a farm to the petitioner and personal property to petitioner's wife. Its provisions read as follows:

"This is my last will I give to my cousin Bernon McClallen Groveland Road my 160-acre farm in Tazewell County joining Morton, Ill. S.W. ¼ Sec. 15 and 16 I give to Louise, Bernon's wife, my personal belongings I appoint Bernon Executor, my vault in Morton Bank Bernon can choose his lawyer."

To sustain the petition, testimony was introduced to the effect that on the morning of the day of its date the two subscribing witnesses, Robert F. Muller and Henry L. Weber, signed the instrument at the request of the testator as the three of them stood on the corner of a street in Morton, Illinois. In opposition to the petition the executor and beneficiaries under the will of June, 1954, produced a handwriting expert whose testimony, in substance, was that the purported will was not written by the testator but was forged by someone attempting to imitate the manner of his writing.

The opinion of the expert is supported by numerous exhibits and by much testimony in explanation thereof. It is unnecessary, we think, to relate such evidence in detail here. We have examined the testimony relied upon to sustain the alleged will, as well as that introduced in opposition thereto, and we find nothing which would justify this court in disturbing the judgment entered below. The expert testimony does not stand alone but is augmented by other matters affecting the weight to be accorded proponent's evidence. The fact that proponent's principal witnesses are related to him, the strange manner in which the will was purportedly found, the absence of any explanation of its whereabouts for the preceding four years, and the presence of other peculiar circumstances lend little force to the proponent's argument that his evidence requires an opposite conclusion.

Section 69 of the Probate Act provides that a will which is established by sufficient competent evidence shall be ad-

mitted to probate "unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will." (Ill. Rev. Stat. 1959, chap. 3, par. 221.) The trial judge, who saw the witnesses and heard them testify, is in a better position than are we to determine the weight and credit to be given the testimony; and unless his findings are shown to be manifestly against the weight of the evidence they will not be disturbed.

The judgment of the county court of Tazewell County is affirmed.

*Judgment affirmed.*